**LUCIA HERNANDEZ-OLIVERA**

    Plaintiff,

              **CIVIL ACTION NO.** <u>26 cv 859</u>

  -vs.-


**LAKESIDE FOODS INC**


    Defendant.

## COMPLAINT

Plaintiff, Lucia Hernandez-Olivera, by and through the undersigned counsel, respectfully files this Complaint and alleges the following:

<u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a and under the Pregnant Workers Fairness Act ("PWFA"), to correct unlawful employment practices and provide appropriate relief to Plaintiff Lucia Hernandez-Olivera who was adversely affected by such practices. Additionally, Defendant engaged in unlawful employment practices in violation of Section 103(2) of the PWFA, 42 U.S.C. § 2000gg-1(2), by requiring Lucia Hernandez-Olivera to accept an accommodation that was not arrived at through the interactive process.

1

As alleged with greater particularity below, Lakeside Foods, Inc. ("Defendant") discriminated against its employee Hernandez-Olivera ("Plaintiff") when Defendant retaliated against Hernandez-Olivera for engaging in protected activity after she reported and opposed a hostile work environment on the basis of sex.

## PARTIES

1. Plaintiff Lucia Hernandez-Olivera is an adult, natural person who resides at 1119 Wisconsin Avenue, Manitowoc, Wisconsin, 54220.

2. Defendant Lakeside Foods, Inc. at all relevant times has been doing business in an industry affecting commerce and employs more than 15 people in various capacities. The principal office of Lakeside Foods, Inc. is located at 2400 S. 44th St., P.O. Box 1327, in Manitowoc, WI 54221-1327. The events giving rise to this action occurred at its operation located at 1601 South 30th Street, Manitowoc, Wisconsin 54220.

3. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h) as well as Section 102(2)(B)(i) of the PWFA, 42 U.S.C. § 2000gg.

4. At all relevant times, Defendant has been and is an employer under Section 701(b) of Title VII, 42 U.S.C. § 2000e-(b) as well as 42 U.S.C. § 2000gg of the PWFA.

5. At all relevant times, Defendant has continuously had more than 500 employees.

## JURISDICTION AND VENUE

6. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

7. This action is authorized and instituted pursuant to Section 104 of the PWFA, 42 U.S.C. § 2000gg-2(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42

2

U.S.C. § 20003-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

8. Jurisdiction over the federal claims is appropriate because the Plaintiff has complied with administrative prerequisites by filing a charge with the Equal Employment Opportunity Commission, EEOC charge no. 443-2025-00207, and because the Equal Employment Opportunity Commission issued a Notice of Right to Sue on February 18, 2026, which allowed the commencement of this action based on that charge in which Lucia Hernandez-Olivera is the Charging Party.

9. This action properly lies in the Eastern District of Wisconsin pursuant to 28 U.S.C. Sec. 1391(b)(2) because this claim arose in this judicial district.

## STATEMENT OF CLAIMS

10. Defendant Lakeside Foods, Inc. produces food products for the retail, food service, and industrial sectors throughout the U.S. Lakeside Foods, Inc.'s principal business is based in Wisconsin.

11. From December 2023 to June of 2024 the Defendant engaged in unlawful employment practices at its facility in Manitowoc, Wisconsin in violation of Title VII and the PWFA.

   a. The Defendant engaged in unlawful employment practices before this period, since at least September 20, 2022. These retaliatory actions, in addition to those described here, were part of a longer history and pattern of retaliation against the Plaintiff for engaging in protected activity. For the purposes of this complaint, we are focusing on claims timely to the EEOC Charge filed on October 20, 2024.

3

12. The Plaintiff was subject to a hostile work environment on the basis of sex on September 20, 2022, when she was sexually assaulted. This sexual assault was both verbal and physical in nature. The on-site provider of Physical Therapy services at Lakeside Foods, Inc. made sexual comments and performed unwanted sexual acts on the Plaintiff during a session. This conduct was unwelcome and severe.

13. The Plaintiff reported the hostile work environment to the Defendant immediately as well as to the local police.

14. The subsequent criminal proceeding in Manitowoc County Circuit Court, Case No. 2023CF000235 resulted in the conviction of the perpetrator of the sexual assault.

15. Defendant subjected the Plaintiff to various forms of retaliation for the protected activity of opposing and reporting the hostile work environment.

   a. Beginning in March 2023, Defendant created a disciplinary document containing false allegations that the Plaintiff's work breaks were too long.

   b. Beginning in May 2024, Plaintiff requested accommodations for her pregnancy from the Defendant, but Defendant ultimately failed to provide accommodations which were a result of the interactive process.

   c. After initial refusal to grant any pregnancy accommodation, the Defendant eventually moved the Plaintiff to an understaffed line position with slippery conditions that did not feel safe. Other employees in similar positions were given support and assistance from an additional employee to complete the tasks of that line, but when Plaintiff requested this type of staffing at her station, the supervisor refused and told her she could quit if she wanted. The Plaintiff reported this issue to Human Resources, who told her that there was nothing they would do.

4

16. A reasonable employee would be dissuaded from raising a concern about a possible violation of the law or engaging in other protected activity due to the Defendant's retaliatory actions that include, among other facts, the allegations in Paragraph 15.

17. The retaliatory actions in Paragraph 15b. and 15c. also deprived Plaintiff of the right to a pregnancy accommodation resulting from the interactive process.

18. At all relevant times, Lucia Hernandez-Olivera was a qualified employee as defined by Section 102(6) of the PWFA, 42 U.S.C. § 2000gg(6), in that she was able to perform the essential functions of her job with or without reasonable accommodation or, to the extent she was unable to perform any essential function, that inability was temporary, she could perform the essential function again in the near future (after her pregnancy), and the temporary inability could be reasonably accommodated.

19. The effects of the actions complained of in paragraphs 11-15 above, have been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee on the basis of sex, pregnancy in violation of the PWFA, and in retaliation for the protected activity of reporting a hostile work environment on the basis of sex, in violation of Title VII.

20. The unlawful employment practices complained of in paragraphs 11-15 above were intentional.

21. The unlawful employment practices complained of in paragraphs 11-15 above were done with reckless indifference to the Plaintiff's federally protected rights.

<u>PRAYER FOR RELIEF</u>

Wherefore, Plaintiff respectfully requests that this Court:

A.  Assume jurisdiction of this action;

5

B. Grant a permanent injunction prohibiting Defendant from discriminating against any individual under the PWFA and for engaging in protected activity under Title VII or for opposing practices made unlawful by Title VII and the PWFA or for participating in this lawsuit;

C. Order Defendant to make the Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices including loss of personal property, and medical expenses, in amounts to be determined at trial;

D. Order Defendant to make the Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from its unlawful employment practices including emotional pain, suffering, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial;

E. Order Defendant to pay the Plaintiff punitive damages for its malicious and/or recklessly indifferent conduct in amounts to be determined at trial;

F. Award the Plaintiff costs and reasonable attorney's fees; and

G. Grant such other relief which the Court may deem just, necessary, and proper.

<u>JURY TRIAL DEMAND</u>

Plaintiff requests a jury trial on all questions of fact raised by the Complaint.

Dated this _14_ day of May, 2026.

Respectfully Submitted,

Disability Rights Wisconsin

6

_s/Carrie Vance_____

Carrie Vance
Managing Attorney of Litigation
Wis. State Bar No. 1056606
Disability Rights Wisconsin
1205 S. 70th Street, Suite 500
Milwaukee, WI 53214
carriev@drwi.org
Tel: 414-292-2718

Case 1:26-cv-00859-BBC    Filed 05/14/26    Page 7 of 7    Document 1